## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## CENTRAL DIVISION

**LARRY GENE BURKS**                                                                        **PETITIONER**
*ADC #141354*

**V.**                         **CASE NO. 4:21-cv-00005-BSM-JTK**

**DEXTER PAYNE**
*Director, ADC*                                                                                  **RESPONDENT**

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Brian Miller. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The detail of any testimony desired to be introduced at the hearing before

1

> the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
>
> Eastern District of Arkansas
>
> 600 West Capitol Avenue, Suite A149
>
> Little Rock, AR 72201-3325

## I.    Introduction

Before the Court are Petitioner Larry Gene Burks's Motion for Leave to Proceed *in Forma Pauperis* (*Doc.* 1) and Petition for Writ of Habeas Corpus (*Doc.* 2). Since Burks has not received authorization from the Eighth Circuit to file a successive habeas petition, this Court recommends his petition be dismissed without prejudice for lack of jurisdiction.

## II.   Dismissal of Successive Petition for Failure to Secure Authorization

Petitioner has twice challenged his rape conviction from state case 60CR-07-1193 pursuant to 28 U.S.C. § 2254. *See Burks v. Hobbs*, No. 5:14-cv-00154-BSM-JTK (E.D. Ark. Apr. 25, 2014) ("*Burks I*"); *Burks v. State of Arkansas*, No. 4:18-cv-00891-BSM-JTK (E.D. Ark. Nov. 29, 2018) ("*Burks II*"). The second time, this Court recommended his petition be dismissed since he failed to secure permission from the Eighth Circuit to pursue a successive habeas petition. *See Burks II*, Doc. 6 at 3. That recommended disposition was adopted on February 6, 2019. *See Burks II*, Doc. 9. Burks now files the present petition challenging his conviction in 60CR-07-1193 for the third

time.

A "second or successive" habeas petition requires authorization from a federal court of appeals prior to filing. 28 U.S.C. § 2244(b)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."). Until an order of authorization is obtained from the appropriate court of appeals, a district court lacks jurisdiction to consider a successive petition. *See Burton v. Stewart*, 549 U.S. 147, 152-53, 157 (2007).

Burks does not assert that he received authorization to file this petition nor is there any indication that he has. Without authorization, the Court lacks jurisdiction to even consider his petition. Therefore, Burks's petition (*Doc.* 2) should be dismissed without prejudice to refiling, but he must obtain the necessary order from the United States Court of Appeals for the Eighth Circuit before refiling.

### III. Certificate of Appealability

Under Rule 11 of the Rules Governing § 2254 Cases, the court must issue or deny a certificate of appealability when entering a final order adverse to a petitioner. The question is whether "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotations and citations omitted). Petitioner has not made a substantial showing of a denial of a constitutional right, so no certificate should issue.

### IV. Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1. Petitioner's § 2254 habeas petition, *Doc. 2,* be DENIED and this case be DISMISSED WITHOUT PREJUDICE.

2. Petitioner's Motion for Leave to Proceed *in Forma Pauperis*, *Doc.* 1, be DENIED.

3. A Certificate of Appealability be DENIED. *See* 28 U.S.C. § 2253(c)(1)-(2); Rule 11(a), Rules Governing § 2254 Cases in United States District Courts.

IT IS SO RECOMMENDED this 19th day of January, 2021.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE